# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| GARY WALTERS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:19-CV-70-FIM-99MRM |
| FAST AC, LLC and FTL CAPITAL PARTNERS, LLC *d/b/a* *FTL CAPITAL FINANCE* | ) ) ) ) ) |
|     Defendant. | ) ) |

**FTL CAPITAL PARTNERS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

COMES NOW, FTL CAPITAL PARTNERS, LLC ("FTL"), and files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint:

## PARTIES

1. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

2. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

3. Admitted.

## JURISDICTION AND VENUE

4. FTL does not contest jurisdiction but does not admit that Plaintiff is entitled to any relief whatsoever.

5. FTL does not contest venue but does not admit that Plaintiff is entitled to any relief whatsoever.

## FACTUAL ALLEGATIONS

6.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

7.  Denied.

8.  Denied.

9.  Denied

10. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

11. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

12. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

13. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

14. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

15. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

16. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

17. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

18. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

19. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

20. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

21. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

22. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

23. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

24. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

25. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

26. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

27. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

28. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

29. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

30. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

31. Denied.

32. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

33. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

34. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

35. Admitted only that Fast A/C did send FTL a document with Plaintiff's signature confirming the work had been performed at Plaintiff's home.

36. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

37. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

38. Admitted only that FTL did send a billing statement to Plaintiff.

39. Admitted only that the billing statement speaks for itself and is the best evidence of its terms.

40. Admitted only that the billing statement speaks for itself and is the best evidence of its terms.

41. Admitted only that the billing statement speaks for itself and is the best evidence of its terms.

42. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

43. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

44. Admitted only that Plaintiff did contact FTL.

45. Admitted only that Plaintiff did contact FTL.

46. Admitted only that Plaintiff did contact FTL.

47. Admitted only that FTL did contact Fast A/C.

48. Denied.

49. Admitted only that FTL did contact Plaintiff.

50. Admitted only that FTL did report Plaintiff's past due balance to the credit agencies.

51. Denied.

52. Denied.

53. Denied and denied such actions are required.

## COUNT I

54 – 72.  This Count does not make any allegations against FTL and, as such, no response is required.  To the extent a response is required, denied.

## COUNT II

73 – 78 .  This Count does not make any allegations against FTL and, as such, no response is required.  To the extent a response is required, denied.

## COUNT III

79 – 85.   This Count does not make any allegations against FTL and, as such, no response is required.  To the extent a response is required, denied.

## COUNT IV

86. Denied.

87. Denied.

88. Denied

89. Denied.

90. Denied.

91. Admitted only that Fast A/C did furnish Plaintiff's credit application to FTL.

92. Admitted only that FTL can work with its vendors regarding the amounts paid.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. FTL is without information to admit or deny the information in this paragraph and, therefore, denies same.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## **COUNT V**

102. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

103. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

104. Denied

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

112. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

113. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

114. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

115. Denied.

116. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

[Unnumbered Paragraph.] Denied.

121. Denied.

## COUNT VI

122. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

123. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

124. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

125. Denied

126. Denied.

127. Denied

## COUNT VII

[Unnumbered Paragraph.] This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

128. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied

129. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied

130. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

131. Admitted only that Plaintiff has called FTL.

132. Admitted only that FTL did report Plaintiff's past due balance to the credit agencies.

133. Denied.

134. Denied.

## COUNT VIII

135. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

136. Denied.

137. Denied.

138. Admitted only that Plainitff had an outstanding balance owed to FTL.

139. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

140. This paragraph makes a legal conclusion to which no response is required. To the extent a response is required, denied.

141. Denied.

142. Denied.

143. Denied.

31420114v.1

**AFFIRMATIVE DEFENSES**

Answering further and by way of affirmative defenses, FTL states as follows:

A.   Plaintiff's allegations fail to state a claim upon which relief may be granted.

B.   FTL is without liability as it reasonably relied on Plaintiff's signatures and initials on the loan document, seen at Plaintiff's Exhibit C, and the authentication certificate, Doc. No. 13-1.  Plaintiff, via his signature, confirmed the work was performed and everything was completed satisfactorily.

C.   Plaintiff consented to the financing arrangement by signing the loan document and authentication certificate.

D.   Plaintiff has failed to mitigate his damages because FTL has offered to withdraw the financing for any work that was not completed, but Plaintiff has not provided the necessary documentation showing work was not performed.  Any recovery must be reduced accordingly.

E.   FTL is without liability for any actions of Fast A/C as Fast A/C is not an agent of FTL and is rather a company which utilized FTL's products.

F.   FTL is without liability for any actions of Fast A/C because the Finance Contractor Agreement between FTL and Fast A/C, Doc. No. 13-2, requires Fast A/C to comply with all state and federal laws and regulations and to complete all installation in accordance with industry and local standards and best practices.

G.   If Plaintiffs obtain any judgment, which FTL denies, Fast A/C must indemnify FTL pursuant to the terms in the Finance Contractor Agreement.

H.   If Plaintiffs obtain any judgment, which FTL denies, FTL is entitled to contribution from Fast A/C pursuant to Fla. Stat. § 768.31 for any amount of damages which

FTL is made to pay above FTL's pro rata share. FTL did not contribute to Plaintiff's alleged injuries and any damages obtained to Plaintiff are attributable to Fast A/C's actions.

  I. Damages should be apportioned pursuant to Florida's comparative fault rules, Fla. Stat. § 768.81.

  J. A nonparty is at fault for any judgement obtained by Plaintiffs and should be placed on the jury form pursuant to Fla. Stat. § 768.81(3) and *Fabre v. Marin*, 623 So. 2d 1182 (1993).

  K. FTL reserves the right to amend these affirmative defenses as new information is discovered.

          Respectfully submitted,

          */s/ Patricia Lehtinen Silva*
          Patricia Lehtinen Silva, #107188
          Lathrop Gage LLP
          7701 Forsyth Blvd., Suite 500
          St. Louis, MO 63105
          (314) 613-2800 Telephone
          (314) 613-2801 Facsimile
          psilva@lathropgage.com
          ***Attorneys for FTL Capital Partners, LLC***

## CERTIFICATE OF SERVICE

  I hereby certify that on July 18, 2019, the above pleading was filed with CM/ECF which will serve a copy of the above on all counsel of record.

          */s/ Patricia Lehtinen Silva*
          An Attorney for FTL Capital Partners, LLC