UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY WALTERS,

      Plaintiff,

v.                                                      Case No. 2:19-cv-70-JLB-MRM

FAST AC, LLC and FTL CAPITAL
PARTNERS, LLC, d/b/a FTL CAPITAL
FINANCE,

      Defendants.
_____/

## ORDER

Defendant FTL Capital Partners, LLC ("FTL") moves to exclude the testimony of Plaintiff Gary Walters' expert witness, Andrew G. Pizor, under Federal Rule of Evidence 702. (Doc. 71.) Mr. Pizor holds himself out as an expert on the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, which is the basis for Count VIII of the operative complaint. (Doc. 30 at ¶¶ 135–43.) Mr. Pizor would testify which factors are relevant under TILA and its implementing regulation, Regulation Z (12 C.F.R. part 1026), to determine whether a credit transaction is "open-end" or "closed-end." He would then apply these factors to the credit agreement in this case (between Mr. Walters and FTL) and opine that the agreement is a "closed-end" agreement, which triggers certain disclosure obligations under TILA that FTL did not fulfill. See generally 15 U.S.C. § 1638(a); 12 C.F.R. § 1026.18. After carefully examining the content of Mr. Pizor's proffered opinions, the Court holds that all are either legal conclusions or do not assist the trier of fact any

more than a closing argument by Mr. Walters' attorneys would.  Accordingly, FTL's motion to exclude Mr. Pizor's testimony is **GRANTED**.

## DAUBERT STANDARD

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).  This obligation applies to all expert testimony, not just scientific testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

Under Federal Rule of Evidence 702, as interpreted by the Eleventh Circuit, the elements for admissibility of expert testimony are "qualification, reliability, and helpfulness." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc); see also Fed. R. Evid. 702.  In other words, expert testimony is admissible if: "(1) the expert is qualified to testify competently, (2) the expert has used sufficiently reliable methodology in reaching a conclusion, and (3) the testimony will assist the trier of fact." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1312 (11th Cir. 2000) (citation omitted).  "The party offering the expert has the burden of showing each of these three elements by a preponderance of the evidence." Gardner v. Aloha Ins. Servs., 566 F. App'x 903, 907 (11th Cir. 2014) (citing Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1194 (11th Cir. 2010)).

"An opinion is not objectionable just because it embraces an ultimate issue," Fed. R. Evid. 704(a), but "the Eleventh Circuit has made it clear that expert witness testimony on an ultimate legal conclusion is not helpful to the trier of fact." City of S. Miami v. Desantis, No. 19-cv-22927-BLOOM/Louis, 2020 WL 7074644, at *13

(S.D. Fla. Dec. 3, 2020). "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." Kleiman v. Wright, No. 18-cv-80176-BLOOM/Reinhart, 2020 WL 6729362, at *23 (S.D. Fla. Nov. 16, 2020) (quoting Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997)).  Moreover, expert testimony "will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262–63. An expert cannot "tell the jury what result to reach" or "testify to the legal implications of conduct." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

## DISCUSSION

FTL asks the Court to exclude Mr. Pizor's testimony on two grounds: (1) his methodology for determining whether an agreement is "open-end" or "closed-end" is flawed because he relies on factors in a proposed amendment to Regulation Z's staff commentary that was never adopted (Doc. 71 at 3–4); and (2) all of his opinions are unhelpful to a trier of fact because they restate easily understandable facts and generally applicable law (id. at 4–5). As to the methodology argument, Mr. Walters responds that "Mr. Pizor never said that every factor he looked at was an element of law." (Doc. 85 at 5.) Rather, "he explains in his deposition that even though the factors were not codified, they are still relevant and useful for understanding the rule and analyzing a contract." Id.

Even if the Court were to take Mr. Walters' and Mr. Pizor's representations on methodology at face value, it is not clear why Mr. Pizor needs to explain what is

3

"relevant and useful" for the trier of fact to consider in this case. Regulation Z provides that an agreement is "open-end" if:

>   (i)   The creditor reasonably contemplates repeated transactions;
>
>   (ii)  The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and
>
>   (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.

12 C.F.R. § 1026.2(a)(20).

The first criterion is a question of fact. See 12 C.F.R. Pt. 1026, Supp. I, Part 1. The unadopted commentary provides examples of information that could be considered when deciding if the first criterion has been met. See Truth in Lending, 62 Fed. Reg. 64,769, 64,772 (Dec. 9, 1997). For example, the creditor's lack of data showing that customers make repeated purchases bears on whether the creditor could reasonably contemplate such purchases. Id. Assuming the unadopted commentary has some value as a commonsense guidepost rather than binding law, the Court sees no reason why an expert witness needs to tell the jury what evidence is "relevant and useful." This treads dangerously close to telling the jury what result to reach, which an expert cannot do. See Montgomery, 898 F.2d at 1541.

Moreover, all the "relevant and useful" information that Mr. Pizor identifies in his report, collected in Table 1, comes from either: (1) the face of the documents that Mr. Walters executed with FTL; or (2) the deposition of Todd Grzybinski, FTL's corporate representative, who intends to testify at trial. (Doc. 71-1 at 11–12.) The Court fails to see why Mr. Walters' attorneys need an expert to highlight this

4

information for a trier of fact, especially given that none of it seems particularly complicated. For example, if the six-page credit agreement is received into evidence, Mr. Walters' attorneys can simply highlight the key portions of the contract during the examination of a percipient witness or their closing argument. Likewise, if Mr. Walters' attorneys want the jury to hear Mr. Grzybinski testify about whether FTL contemplated repeated transactions, they can examine him at trial and potentially impeach him with the same deposition testimony that Mr. Pizor relies on. Table 1 of Mr. Pizor's report—which juxtaposes the "relevant and useful" record information with the language of Regulation Z and the unadopted staff commentary—is no different from a visual aid that Mr. Walters' attorneys can reference during closing argument. And, of course, the Court is perfectly capable of crafting an instruction that includes the legal standard in Regulation Z.[1] Kleiman, 2020 WL 6729362, at *23. Therefore, Mr. Pizor's testimony on which information is "relevant and useful" under 12 C.F.R. § 1026.2(a)(20) is unhelpful to the trier of fact. See Frazier, 387 F.3d at 1262–63; see also Highland Cap. Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ("[A]n expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence.").

    The remainder of Mr. Pizor's report is either nakedly conclusory or completely irrelevant to Mr. Walters' TILA claim. For instance, in his summary of

---

[1] This instruction would obviously not include the unadopted staff commentary, but some of the factors in the commentary could be used as guideposts for relevant evidence without being directly presented to the trier of fact.

findings, Mr. Pizor flat-out states that the credit agreement should be treated as a "closed-end" transaction, and FTL therefore violated TILA by making insufficient disclosures. (Doc. 71-1 at 3.) He also discusses the congressional intent behind TILA and speculates why a creditor might prefer to treat a credit agreement as open-end rather than closed-end (citing an ABA law journal). (Id. at 5–6, 11.) Not only is this information unhelpful under Rule 702, but it seems completely irrelevant under Rule 401. TILA is essentially a strict liability statute; the creditor's motivations have no import. See Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1380 (11th Cir. 1984) ("Liability will flow from even minute deviations from requirements of the statute and Regulation Z." (citation omitted)). Legislative intent is just as immaterial for a trier of fact. Cf. United States v. Markovic, 911 F.2d 613, 616 (11th Cir. 1990) ("The court properly rejected the proffered jury instruction on legislative intent.").

Finally, Mr. Pizor's report includes two exhibits with the information that FTL would have been required to disclose up front if its credit agreement with Mr. Walters was closed-end. (Doc. 71-1, Exs. 1 & 2.) According to Mr. Pizor, the information in these hypothetical disclosures is pulled directly from Mr. Walters' credit agreement and monthly statements, which will likely be admitted into evidence. (Id. at 13.) The Court sees no reason why Mr. Walters needs expert testimony to present this information in visual form. If the credit agreement was closed-end, then the TILA-mandated disclosures were either made in advance or not—something the parties could (and should) stipulate to. Moreover, if the

6

information in Mr. Pizor's hypothetical disclosures comes directly from the contract, Mr. Walters' attorneys (who can also read TILA and Regulation Z) are equally capable of communicating it to the trier of fact.

To be clear, Mr. Pizor is undoubtedly a knowledgeable attorney who is qualified to comment on consumer protection law.  But his proffered testimony in this case is essentially a closing argument in disguise.  Accordingly, Mr. Walters has failed to show, by a preponderance of the evidence, that Mr. Pizor's testimony "will help the trier of fact to understand the evidence or to determine a fact in issue" any more than the arguments of his own knowledgeable attorneys based on the evidence adduced at a trial.  Fed. R. Evid. 702(a); Frazier, 387 F.3d at 1262–63.

## Conclusion

For the above reasons, FTL's motion to exclude the testimony of Andrew G. Pizor (Doc. 71) is **GRANTED**.

**ORDERED** in Fort Myers, Florida, on March 9, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE